SPRAYFOAM, INC., ET AL. *v.* DURANT'S RENTAL
CENTERS, INC.

SUPERIOR COURT JUDICIAL DISTRICT OF FILE NO. 279940
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 23, 1983

*Matzkin, Krug & Danen,* for the plaintiffs.
*Gerald Hecht,* for the defendant.

BIELUCH, J. This action arises out of a dispute over the terms of a rental agreement entered into by the parties. The named plaintiff, a corporation, rented certain equipment from the defendant. As part of the rental agreement the named plaintiff was required to provide a blank charge card (VISA) slip as security for the equipment. A dispute arose over the rental charge. The named plaintiff allegedly paid the undisputed amount, provided the disputed balance would be "discussed" by the parties. The defendant allegedly agreed. Subsequently, without notice to the named plaintiff, the defendant posted a charge against the VISA account equal to the disputed amount, $900.

The plaintiffs set forth three counts in their complaint: the first two counts allege unfair trade practices by the defendant and the third count alleges a breach of implied warranty and merchantability and fitness

for a particular purpose. The defendant has moved to strike the complaint for failure to state a cause of action. A motion to strike is used to challenge the legal sufficiency of a pleading. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980).

The plaintiffs allege in their first count a violation of Connecticut's Unfair Trade Practices Act, General Statutes §§ 42-110a through 42-110q inclusive (CUTPA). They claim that the defendant represented that "the sole purpose of requiring a credit card slip to be signed in blank was to provide Durant's with substitution for cash security for the equipment rented."

CUTPA is a consumer protection statute intended to provide an individual with an action more flexible and a remedy more complete than does the common law. The act is remedial in nature and is to be liberally construed. General Statutes § 42-110b (d); *Murphy* v. *McNamara,* 36 Conn. Sup. 183, 188, 416 A.2d 170 (1979). In *McNamara,* the court adopted (p. 189) the following United States Supreme Court guidelines in determining what constitutes an unfair trade practice: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise . . . (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers."

The court finds that the defendant's alleged act comes within the *McNamara* definition of an unfair trade practice. In a motion to strike, the court construes the pleading in the manner most favorable to the pleader. *Therrien* v. *Safeguard Mfg. Co.,* 180 Conn. 91, 93, 429 A.2d 808 (1980).

In its motion, the defendant has moved to strike the plaintiffs' entire complaint. When a motion to strike

attacks the whole pleading, it is addressed to all causes of action or defenses contained therein. Such a motion to strike fails if it does not reach all of the causes of action or defenses pleaded. The plaintiffs have alleged a sufficient cause of action under CUTPA.

The motion to strike is denied.