[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE CUTPA AND RICO COUNTS
Plaintiffs Dennis White and Joanne White have filed a four count amended complaint against defendants James O'Rourke, Charles Ambrogio and J.C. Properties, Inc. Count one sounds in legal malpractice against defendant attorneys O'Rourke and Ambrogio. Count two alleges violations of the Connecticut Unfair Trade Practice Act, Conn. Gen. Stat. 42-110a, et seq. (hereinafter "CUTPA"). The third count alleges violations of18 U.S.C. § 1961, et seq. (hereinafter "RICO"), and the fourth count sounds in fraud.
Defendant James O'Rourke has filed a motion to strike the second and third counts of the plaintiffs' amended complaint for failure to state a claim upon which relief can be granted. A memorandum of law accompanies the motion. Defendant J.C. Properties, Inc. has filed a motion to strike the second and third counts of the amended complaint on the grounds that they fail to state a claim upon which relief can be granted. A memorandum of law in support accompanies this defendant's motion.
A motion to strike is properly used "[W]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint. . . or of any one or more counts thereof, to state a claim upon which relief can be granted. . . ." Conn. CT Page 595 Practice Bk. 512 (rev'd to 1989). "It admits all facts well-pleaded." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). "The motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). Furthermore, the facts alleged in the complaint must be construed most favorably to the plaintiff. Id.
In the second and third counts of the amended complaint the plaintiff alleges that defendants O'Rourke and Ambrogio were attorneys engaged in the practice of law, and that at all times relevant to this action an attorney-client relationship existed between plaintiffs and defendants O'Rourke and Ambrogio. In July of 1986 defendants O'Rourke and Ambrogio formed the defendant corporation, J.C. Properties, Inc., to engage in the purchase, rehabilitation and resale of residential real estate. In connection with the plan to form and operate the defendant corporation, which had been put forth by the individual defendants, plaintiffs allege that they were induced to transfer certain residential real estate which they owned to the corporation based upon representations from the defendants that defendant corporation would reconvey a one-third interest in these properties to the plaintiffs. At various times after July of 1986, allegedly the defendants caused quitclaim deeds to be recorded, negligently, or intentionally, in such manner as to invalidate plaintiffs' one third interest in the properties which they had conveyed to the corporation, and to vest record title in these properties solely in defendant J.C. Properties, Inc. Sometime in the first quarter of 1987, plaintiff Dennis White claims that he was informed that his employment with defendant J.C. Properties, Inc. was terminated. Subsequent to defendants' recording of the quitclaim deed defendants allegedly asserted control over the properties in question, undertook to manage and maintain them, and received and used for their benefit rental income from the properties. It is alleged that the defendants failed to maintain and manage the properties, and further failed to pay insurance, taxes, and utilities on the properties in question, and that they failed to make mortgage payments for the properties.
Plaintiffs claim that by their actions, defendants O'Rourke and Ambrogio failed to carry out the lawyer's duties of loyalty and reasonable care in the conduct of a client's affairs. Plaintiffs claim that defendants' actions constitute a pattern or course of unfair and deceptive acts and practices in violation of the Connecticut Unfair Trade Practices Act. CT Page 596
Both defendants O'Rourke and J.C. Properties, Inc. have filed identical arguments regarding the alleged CUTPA violation. The defendants maintain that the plaintiffs have failed to allege in the second count of their amended complaint any specific acts which constitute deceptive practices or practices which violate public policy, and therefore count two of the plaintiffs' amended complaint should be stricken.
Second Count CUTPA
Connecticut General Statutes section 42-110b(a) states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
Connecticut General Statutes section 42-110b(d) states further in pertinent part that "[i]t is the intention of the legislature that this chapter [735a] be remedial and be so construed."
The following factors are to be considered in determining whether an action or practice is unfair:
 (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Dadonna v. Liberty Mobile Home Sale, Inc., 209 Conn. 243, 254
(1988).
"Thus, a CUTPA violation may be established by showing either an actual deceptive practice; see, e.g., Sprayfoam, Inc. v. Durant's Rental Centers, Inc., 39 Conn. Sup. 78,468 A.2d 951 (1983); or a practice amounting to a violation of public policy." Id. All three criteria need not be satisfied to support a finding of unfairness; a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser degree it meets all three. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987).
This court finds that the allegations contained in count CT Page 597 two are sufficient to state a claim under CUTPA. Since the motion to strike admits all facts well-pleaded, these allegations, if proven could support a finding of an unfair act or practice under CUTPA. Accordingly, the motion to strike count two of the plaintiffs' complaint is denied.
Third Count: RICO
Count three incorporates the foregoing allegations of count two. In addition, plaintiffs claim in count three that in their operation of defendant J.C. Properties, Inc., defendants O'Rourke and Ambrogio conspired relative to and engaged in a pattern of racketeering activity, to wit: they performed acts in violation of 18 U.S.C. § 5134 (mail fraud) and18 U.S.C. § 1343 (wire fraud) on at least two occasions — all in violation of 18 U.S.C. § 1962 — the federal Racketeer Influenced and Corrupt organizations Act (RICO). Plaintiffs claim that representations made by defendants to plaintiffs concerning plaintiff Dennis White's ownership in the defendant corporation, and that certain real estate interests would be reconveyed to plaintiffs were false and fraudulent and made in order to induce plaintiffs to convey the title to the properties in question to the defendant corporation.
Defendant O'Rourke claims that the third count of their amended complaint fails to allege a pattern of racketeering activity as required by RICO. In addition, the defendants claim that the complaint fails to allege an essential element of the statutory violation; namely, the action of the defendants which allegedly affected interstate commerce. Finally, defendant O'Rourke claims that the complaint fails to allege that the claimed violations of 18 U.S.C. § 1341 and 1343
[acts of mail and wire fraud] were committed in furtherance of the alleged scheme which resulted in injuries and losses to the plaintiffs. Defendant O'Rourke claims that for the foregoing reasons, the third count of the plaintiff's complaint fails to allege actions or injuries of the type covered by RICO and accordingly should be stricken.
Defendant J.C. Properties, Inc. claims that under RICO, a plaintiff must prove existence of both an "enterprise" and a "pattern of racketeering activity." Defendant J.C. Properties Inc. claims that plaintiffs have failed to allege the existence of an enterprise, and even if the pleadings can be construed as alleging that J.C. Properties were the enterprise, then the plaintiffs have failed to show that its existence was separate and apart from the pattern of activity in which it was engaged.
Defendant J.C. Properties claims in addition that the complaint fails to allege a pattern of racketeering activity as CT Page 598 required by RICO, and that the complaint fails to allege which of the defendants' actions affected interstate commerce, another essential element of the statutory violation. Finally, defendant J.C. Properties, Inc. maintains that the complaint fails to allege that the claimed acts of mail and wire fraud were committed in furtherance of the alleged scheme which resulted in injuries and losses to the plaintiffs. Defendant J.C. Properties, Inc. claims that for the foregoing reasons, the third count of the plaintiffs' complaint fails to allege actions or injuries of the type covered by RICO, and accordingly the motion to strike should be granted.
Plaintiffs claim in their brief that their allegation that defendants O'Rourke and Ambrogio conspired to engage and did engage in a pattern of racketeering activity by performing acts "in violation of 18 U.S.C. § 1341 and 1343 on at least two occasions," coupled with their allegation that such activity affected interstate or foreign commerce provide a sufficient basis for passing muster on a motion to strike. Plaintiffs state the RICO count does not apply to J.C. Properties, Inc. since it is not the enterprise.
RICO
 The Racketeer Influenced and Corrupt Organizations Act, part of the Organized Crime Control Act of 1970, was designed in a multifaceted campaign against the pervasive presence of organized crime infiltrated in American business and trade. The preamble of the statute states its purpose: "To seek the eradication of organized crime in the United States. . . ." The Congress found that there was a drain by organized crime of billions of dollars from America's economy by illegal use of force, fraud and corruption; by syndicated gambling, loansharking, theft and fencing of property; by importation and distribution of narcotic and controlled drugs; by infiltration and corruption of legitimate business and labor unions. Pub.L. No. 91-452, 84 Stat. 922-23 (1970).
Moss v. Stanley, 533 F. Sup. 1347, 1359 (S.D.N.Y. (1983)).
 Under RICO, engaging in a "pattern of racketeering" within the confines of an "enterprise" becomes an offense separate from the predicate violations. To understand the structural mechanism of RICO, some definitions are in order. Section 1961(1) defines CT Page 599 "racketeering activity" as specified state law offenses punishable by incarceration for more than on year, as well as any violation of a long list of federal statutes. A "pattern of racketeering activity" is defined as the commission of at least two predicate acts within ten years. 18 U.S.C. § 1961 (5). The statutory definition of "enterprise" is broad enough to encompass just about any group of individuals. 18 U.S.C. § 1961 (4). However, it is section 1962 which actually sets out the proscribed activities.
Kimmel, et al v. Peterson, et al, 565 F. Sup. 476, 489 (E.D. P.A. 1983).
18 U.S.C. § 1962 (1976) provides in pertinent part:
 (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt. . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in or the activities of which affect interstate or foreign commerce. . .
 (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
 (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. 18 U.S.C. § 1962 (1976). CT Page 600
A RICO plaintiff must prove the existence of both an "enterprise" and a "pattern of racketeering activity." Kimmel,656 F. Supp. at 493-95. "The `enterprise' is not the `pattern racketeering activity;' it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proved. . . ." United States v. Turkette,452 U.S. 576, 583 (1981).
"Two elements are necessary to establish an `enterprise' under 18 U.S.C. § 1961 (4), 1962(b), (c)." Medallion TV Enterprises, Inc., et al v. Selectv of California, Inc., et al,627 F. Sup. 1290, 1294 (C.D. Cal. 1986). "First, there must be `evidence of an ongoing organization, formal or informal, and. . . evidence that the various associates function as a continuing unit.'" Id. "Second, the enterprise must have an existence separate and apart from the pattern of activity in which it engaged." Id.
Title 18 U.S.C. § 1961 (5) requires that a "pattern" include two acts of racketeering activity. "[P]roof of two acts of racketeering activity, without more, does not establish a pattern." Medallion Enterprises. 626 F. Supp. at 1295. "It is the factor of `continuity plus relationship' that combines to produce a pattern." Id. "Therefore the alleged predicate acts must show both `continuity' and relatedness' to constitute a `pattern' under section 1961." Id. at 1295-96.
"The relatedness of the predicate acts is established through proof of common perpetrators or victims, or similar purposes, results, or methods of commission." Id. at 1296. "Plaintiffs must allege that the predicate acts occurred in different criminal episodes in order to show continuity of racketeering activity." Id.
 The requirement that plaintiffs in a RICO action demonstrate that the predicate acts occurred in different criminal episodes is consistent with the connotation of multiple events implicit in the term "pattern" and, more importantly is the only construction that gives meaning to Congress' intended rejection of RICO liability predicated upon isolated or sporadic criminal acts.
Medallion TV Enterprises, Inc., supra at 1296.
Furthermore the word
. . . "pattern" connotes a multiplicity of events: CT Page 601 Surely the continuity inherent in the term presumes repeated criminal activity, not merely repeated acts to carry out the same criminal activity. It places a real strain on the the language to speak of a single fraudulent effort, implemented by several fraudulent acts, as a `pattern of racketeering activity.'
Northwest Trust Bank/O'Hare v. Inryco, Inc., 615 F. Sup. 828,831 (N.D. Ill. 1985).
 While the statutory definition makes clear that a pattern can consist of only two acts, . . . the common sense interpretation of the word `pattern' implies acts occurring in different criminal episodes, episodes that are at least somewhat separate in time and place yet still sufficiently related by purpose to demonstrate a continuity of activity. . . . [T]he normal canon of narrowly construing penal statutes points toward such an interpretation.
United States v. Moeller, 402 F. Sup. 49, 57-58
(D. Conn. 1975).
The Court finds that the plaintiffs have not alleged facts sufficient to support a RICO claim. Even if the plaintiffs had alleged that J.C. Properties, Inc. is the enterprise, the plaintiffs have not alleged that J.C. Properties is an entity separate and apart from the pattern of activity in which it engages because the complaint alleges that the defendant corporation was formed in order to engage in the purchase, rehabilitation and resale of residential real estate, and that is the activity in which it is alleged they engaged.
Furthermore, the complaint does not allege specific acts of racketeering activity, but instead draws legal conclusions at paragraph 11 that acts were performed in violation of18 U.S.C. § 1341 and 18 U.S.C. § 1343 on at least two occasions all in violation of 18 U.S.C. § 1962. In addition, the plaintiffs have not alleged continuity as evidenced by different criminal episodes or relatedness of predicate acts as prescribed by case law, in order to prove a pattern. Consequently, the plaintiffs have not alleged a RICO violation. Accordingly, the motions to strike count three of the plaintiffs' amended complaint hereby are granted.
CLARANCE J. JONES, JUDGE CT Page 602