[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Plaintiff brings this three count complaint for injuries caused by an assault.
In the first count, plaintiff alleges that the "defendant Kenneth Herman, aided and abetted by the defendants Todd Herman and Jeffrey Herman, willfully and maliciously assaulted and beat the plaintiff. . . .
Count two alleges negligent and careless assault.
Count three incorporates the allegations in count one, that the defendants willfully and maliciously assaulted the plaintiff. Count three also incorporates the allegation in count two which alleges negligent and careless assault. Count three goes on to claim that "[t]he foregoing constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. sec. 42-110a et seq., as to the defendant Kenneth Herman whose acts were immoral, oppressive, and CT Page 952 unscrupulous and caused injury to the plaintiff.
Paragraph 9 of the third count alleges that "[t]he defendant, Kenneth Herman, assaulted the plaintiff because the plaintiff paid him by check, instead of cash as requested for towing services of a vehicle to the plaintiff's place of business."
The defendant Kenneth Herman moves, in his amended motion to strike the third count of the plaintiff's complaint, and for attorney's fees under the CUTPA claim. The defendant Kenneth Herman claims that the alleged assault and battery set forth in the plaintiff's third count does not constitute an actionable claim under CUTPA even though it arose out of a business transaction between the plaintiff and the defendant.
The gist of the defendant's argument is that the plaintiff's injury did not arise out of the demand for payment in cash, but rather the alleged assault and battery.
In ruling upon a motion to strike, all well-pleaded facts and those necessarily implied thereby, are deemed to be true. Norwich v. Silverberg, 200 Conn. 367, 370 (19__). In count three, the plaintiff has pleaded both willful and malicious assault, and negligent assault.
The issue becomes whether an assault pursuant to a demand for payment in a business transaction can rise to the level of constituting a violation of CUTPA. We hold that it can rise to the level of CUTPA.
Whatever the purpose was of demanding cash and following through with an assault pursuant to this demand comes within the criteria set forth in Sportsmen's Boating Corporation, Id. at 756.
The standard for a tort claims is a higher standard than that for a CUTPA claim. Id. at 755. "Conduct that might be actionable under CUTPA may not rise to a level sufficient to invoke tort liability. The reverse of that proposition, however, is seldom true." Id. at 756.
Conn. Gen. Stat. sec. 42-110b provides, in pertinent part, that "(a) [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "CUTPA is a consumer protection statute intended to provide an individual with an action more flexible and a remedy more complete than does the common law." Sprayfoam, Inc. v. Durant's Rental Centers, Inc.,39 Conn. Sup. 78, 79 (Super.Ct. 1983). "The Connecticut General CT Page 953 Assembly deliberately chose not to define the scope of unfair or deceptive acts proscribed by CUTPA so that courts might develop a body of law responsive to the market-place practices that actually generate such complaints." Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747, 755 (1984). However, the Connecticut courts have adopted the following guidelines to determine violations of CUTPA:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words it is within at least the penumbra of some common law, statutory or other established concept of unfairness;
 (2) whether it is immoral, unethical, oppressive or unscrupulous;
 (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Sportsmen's Boating, 192 Conn. at 756.
Conn. Gen. Stat. sec. 42-110g provides in pertinent part that: "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action. . . ." "The ascertainable loss requirement is a threshold barrier which limits the class of person who may bring a CUTPA action seeking either actual damages or equitable relief." Hinchcliffe v. American Motors Corp., 184 Conn. 607, 615 (1981). "To satisfy the `ascertainable loss' requirement, a plaintiff need prove only that he has purchased an item partially as a result of an unfair or deceptive practice or act and that the item is different from that for which he bargained." Id, at 614. The plaintiff need not allege or prove the amount of ascertainable loss. Id.
In the present case the loss could be the injury sustained caused by the assault in enforcing a trade practice.
The Connecticut Supreme Court in A.G. Foods, Inc. v. Pepperidge Farm Inc. noted the Federal Trade Commission's ("FTC") four primary categories of practices which have been prohibited as unfair: (1) withholding material information; (2) making unsubstantial advertising claims; (3) using high-pressure sales techniques; and (4) depriving consumers of various CT Page 954 post-purchase remedies." A.G. Foods, 216 Conn. 200, 216 n. 9 (1990), quoting American Financial Services v. F.T.C., 767 F.2d 957,979 (D.C. Cir, 1985), cert. denied, 475 U.S. 1011,106 S.Ct. 1185, 89 L.Ed.2d 301 (1986). Moreover, certain Connecticut courts have held that mere negligence alone and simple breach of contract do not constitute a CUTPA violation. See A.G. Foods, 216 Conn. at 214-217 (when underlying claim is grounded solely in negligence, it is insufficient to support a CUTPA violation); Carlise v. Piro, 2 CTLR 546 (November 26, 1990, Katz, J.) (allegation of negligence or trespass, without more, is insufficient to support CUTPA violation); Jarasek v. Chrysler House Associates Limited Partnership, 4 CSCR 73, 78 (December 2, 1988, O'Connor, J.) (a simple breach of contract without allegations of an unfair or deceptive practice does not state a claim for relief under CUTPA); Sachs v. Magnotti, 1 CSCR 879
(October 27, 1986, Higgins, J.) (allegations of simple breach of contract are not within the purview of trade or commerce provisions of CUTPA).
The Connecticut legislature broadly defined the scope of CUTPA to allow judicial interpretation, but specifically authorized the courts to follow the interpretations of the FTC in construing CUTPA. Conn. Gen. Stat. sec. 42-110g(b). It would appear that the legislature intended CUTPA's protections to extend to the types of unfair business practices described by the FTC. See A.G. Foods, 216 Conn. at 216 n. 9. It is alleged in the third count of plaintiff's complaint that the dispute over the check policy escalated into the alleged assault because of the trade practice of the defendant business.
Two Superior Court cases support the conclusion that this assault pursuant to a demand for payment in a business context may constitute a CUTPA violation.
In Wolf v. Cho, 3 CSCR 280 (January 28, 1988, Zoarski, J.), the superior court addressed the issue of whether an alleged assault and battery could rise to the level of being a CUTPA violation. The action in Wolf arose out of an attack on the plaintiff that was allegedly "in furtherance and protection of their [the defendant's] trade or commerce in that the defendant, Young Kim acted as a self-perceived security guard and/or pedestrian traffic controller and assaulted the plaintiff in an effort to force her away from said business establishment." Wolf, 3 CSCR at 280. The court in Wolf granted the defendant's motion to strike the CUTPA count on the grounds that the plaintiff had not alleged that the defendant's alleged acts were part of any "trade" or "commerce," nor that the plaintiff was a consumer. Id.
In Halloran v. Spillane's Service Center, Inc., 1 CT Page 955 CTLR 491 (July 16, 1990, Maloney, J.), the superior court held that a corporation in the business of removing and towing vehicles violated CUTPA by engaging in certain business practices which were executed by the defendant's employees, who used abusive language, violence, and threats. In addition to holding that the defendant's practice of detaining the vehicle, despite the demand for its release by the owner, constituted a conversion violating CUTPA, the court also considered the conduct of the employees in carrying out these practices as a second factor in concluding that the conversion of the vehicle was oppressive and injurious to the plaintiff. Id. at 495.
Unlike the plaintiff in Wolf who failed to allege status as a consumer or any business relationship with the defendants, the present plaintiff has alleged the assault pursuant to the demand for payment occurred within a business context sufficient to constitute conduct of "any trade or commerce," as defined as "the distribution of services." See Conn. Gen. Stat. sec. 42-110a(4). Furthermore, in accordance with the reasoning of Halloran, the present plaintiff has alleged facts that, if proved, would show that the alleged assaultive manner in which the defendant employee effectuated the business policy is "oppressive" and "causes substantial injury to consumers" under the criteria set forth in Sportsmen's Boating,192 Conn. at 756.
Accordingly, defendants' motion to strike is denied.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT