[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Michael Gardocki, ("employee") has brought this action seeking declaratory and injunctive relief from the terms of a restrictive covenant contained in his written employment agreement with his former employer, defendant Goldring Home Inspections, Inc. ("employer").
The employer has counterclaimed seeking an injunction against violation of the restrictive covenant and money damages for claimed misappropriation of its trade secrets in violation of the Uniform Trade Secrets Act and for violation of the Connecticut Unfair Trade Practices Act ("CUTPA").
The plaintiff's claim for preliminary injunctive relief came before the court on the special proceedings calendar, and the parties agreed to close the pleadings and to try the merits of all of the pending claims, for permanent as well as for preliminary remedies. At the conclusion of the trial, the defendant orally withdrew Count Four of the counterclaim, which asserted a common law cause of action for misappropriation of trade secrets.
The restrictive covenant at issue states as follows:
A. Restrictive Covenant CT Page 8934
 For a period of two (2) years after termination or expiration of this Agreement, Employee shall not in any of the areas of Connecticut highlighted in yellow on the map attached hereto and marked Exhibit A, or in the areas of Bedford, Lewisboro, Mount Vernon, North Salem, Pawling, Pelham, Pleasantville, Portchester, or Pound Ridge, New York, directly or indirectly own, manage, operate, contract, be employed by, participate in or be connected in any manner with the ownership, management, operation or control of any business similar to the type of business conducted by the employer at the time of the termination of this agreement. In the event of the Employee's actual or threatened breach of the provisions of this paragraph, Employer shall be entitled to an injunction restraining the Employee therefrom. Nothing shall be construed as prohibiting Employer from pursuing any other available remedies for such breach or threatened breach, including the recovery of damages from Employee.
The "restricted" areas are highlighted in yellow on Exhibit A to the employment agreement. These areas include all the towns in Fairfield County except Sherman, all but one town in Middlesex County, and all the cities and towns in New Haven County except Bethany, North Branford, Prospect and Wolcott. The covenant also identifies the City of Hartford and the town of Simsbury as restricted areas. Most of the cities and towns in Middlesex, New London, Hartford, Tolland and Windham Counties are not restricted.
The plaintiff began work with the employer in April 1984 and resigned on April 13, 1990. He resides in West Haven, and he wishes to operate or be employed by a home inspection company in the area near his residence. The employer's offices are located in Trumbull.
The plaintiff claims that the restrictive covenant should be declared invalid and that injunctive relief should enter prohibiting its enforcement because it is unreasonable as to the geographical area affected and because it therefore impermissibly limits his ability to pursue his occupation and interferes with the public interest in competitive trade.
The Connecticut Supreme Court has provided the applicable standards for assessing the enforceability of such an agreement in Scott v. General Iron and Welding Co., 171 Conn. 132 at 137 (1976):
 In order to be valid and binding, a covenant which restricts the activities of an employee CT Page 8935 following the termination of his employment must be partial and restricted in its operation "in respect either to time or place, . . . and must be reasonable — that is, it should afford only a fair protection to the interest of the party in whose favor it is made and must not be so large in its operation as to interfere with the interests of the public. Cook v. Johnson, 47 Conn. 175, 186; May v. Young, 125 Conn. 1, 5, 2 A.2d 385; Samuel Stores, Inc. v. Abrams, 94 Conn. 248, 253, 108 A. 541, 9 A.L.R. 1450." Torrington Creamery, Inc. v. Davenport, 126 Conn. 515, 519-20, 12 A.2d 780; see Oregon Steam Navigation Co. v. Winsor, 87 U.S. (20 Wall) 64, 66-67. The interests of the employee himself must also be protected, and a restrictive covenant is unenforceable if by its terms the employee is precluded from pursuing his occupation and thus prevented from supporting himself and his family. See May v. Young, supra.
In a subsequent ruling on the subject, Robert Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525 (1988), the Connecticut Supreme Court suggested that time and geographical restrictions are to be reviewed as intertwined considerations in determining the reasonableness of the limitation of an employee's; post-termination activities. In Weiss, supra, at 531-2, the Court noted that it had approved limitations of various durations and areas, suggesting, most logically, that the reasonableness of time and area restrictions is interrelated, such that a restriction covering a large area might be reasonable if in effect for a brief. time, while a restriction covering a small area might be reasonable for a longer time.
The court in Weiss, at 531- 532, however, also indicated that the reasonableness of a restrictive covenant must be assessed in light of the scope of the employer's business: that is, whether the geographical area specified in the limitation reasonably relates to the protection of the area in which the employer actually does business. Unless there is a close connection between the geographical area defined and the scope of the employer's business such covenants unfairly restrict employees and serve the improper purpose of binding an employee to a particular employer because of broad restrictions on his ability to pursue his occupation without moving his residence.
The employee claims that the geographical area subject to the restrictive covenant is unreasonable because it would preclude him from performing home inspections in areas in which the employer CT Page 8936 does little or no business, notably, the listed towns in New York State. A compilation of the number of home inspections performed by the employer in each of the restricted towns since 1984 (Ex. M) reveals that the employer has not succeeded in obtaining work inspecting property in any of the listed New York towns since 1989, and that between 1985 and 1988 it performed only five home inspections in these towns.
The plaintiff did not prove, however, that the employer had ceased making efforts to secure work in the listed New York towns or that it had, in effect, abandoned that area as a market for its services. He conceded that during the course of his employment with the defendant he had frequently travelled as much as one hundred miles a day in order to perform inspections, and the listed towns therefore appear to be within a reasonable radius of the Employer's business location.
The area covered by a restrictive covenant is not rendered unreasonable merely because the employer has not actually secured customers in each and every town subject to the restriction. In Scott, supra, the Supreme Court upheld a finding of reasonableness as to a statewide restriction where the employer did business in only twenty-five to seventy-five of the 169 Connecticut cities and towns.
John and Carol Ghent, who own and manage the defendant corporation, credibly testified that the defendant expended funds over a period of years to promote the firm's presence in areas listed as restricted in the plaintiff's employment agreement. As drafted, the restriction leaves large areas of Connecticut, including areas within twenty miles of the plaintiff's home, in which the plaintiff is free to perform home inspections.
The covenant is reasonable as to time. It covers two years, a duration explicitly found to have been reasonable as to a wider geographical area in Weiss, supra, at 531. Since the plaintiff left the defendant's employ in April 1990, the restriction expires by its terms in April 1992.
The court concludes that under all the circumstances shown, the employee has not established that the restrictive covenant is unreasonable as to duration or geographical area or that it is not reasonably necessary to protect the interests of an employer which in fact taught him the business of home inspection. The plaintiff's requests for declaratory and injunctive relief are therefore denied.
As to the defendant's counterclaim, the court finds that the employer has demonstrated that on three occasions the plaintiff has violated the terms of the restrictive covenant and has undertaken to perform home inspections in towns covered by the restrictive CT Page 8937 covenant. The employer has further established that when the plaintiff left its employ, he knowingly joined a firm engaged in the business of performing home inspections in the restricted area. That firm went out of business shortly after the plaintiff joined it.
The court has found the restrictive covenant is valid and binding and the plaintiff has admitted violating it.
While the defendant could maintain a claim for damages as to each violation that causes it injury, the difficulty of proof and the inefficiency of repetitive suits render inadequate the use of successive remedies at law, and injunctive relief is therefore warranted to protect the defendant from harm which the restrictive covenant was intended to prevent. Berin v. Olson, 183 Conn. 337,342-3 (1981).
The employer also seeks money damages as to the home inspections performed in violation of the restrictive covenant. One of those inspections was performed on behalf of the plaintiff's accountant in return for services rendered. A second was performed for a member of law firm that represents the plaintiff. Given the personal nature of the connection of the plaintiff with the source of the work, the court is unable to conclude that any of the three inspections would have furnished business for the defendant but for the plaintiff's breach of his agreement. Accordingly, the employer has not established entitlement to money damages in addition to injunctive relief as to the breach of the employment agreement.
The defendant has likewise not proved its claims of violations of CUTPA or of Uniform Trade Secrets Act. The defendant has not identified any information constituting a trade secret within the definition of the latter statute, 35-51(d) C.G.S. The evidence indicated that the defendant derives its potential customers from the telephone directory, and, like other home inspection companies, solicits business from lawyers and realtors. While the plaintiff retained logs that show the names of past customers of the defendant, there was no proof that any of these customers were exclusive customers of the defendant or that there was any information in the logs or other material retained by the plaintiff that would give him or the defendant any advantage over other home inspectors soliciting further business from realtors and attorneys. The potential need of past customers of the defendant for home inspection service in the future was not a trade secret of the defendant but was a fact easily ascertainable by inquiry using public documents such as the telephone directory.
The CUTPA claim is likewise not supported by the evidence. While the defendant has proved that the plaintiff breached the restrictive covenant in his employment agreement, a breach of a contract does not necessarily constitute a violation of CUTPA. CT Page 8938
Section 42-110b C.G.S. defines unfair trade practices as "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce", and counsels adherence to the interpretations of the Federal Trade commission and the federal courts of 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45[a][1]) in determining whether conduct constitutes an unfair trade practice. CUTPA conditions recovery of statutory remedies on a showing that the claimant has suffered a "ascertainable loss . . . as a result of the use or employment of a method, act or practice prohibited by Section 42-110b. . . . "It is well settled that in determining whether a practice or act violates CUTPA, the following criteria are to be applied:
 (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness,
 (2) whether it is immoral, unethical, oppressive or unscrupulous,
 (3) whether it causes substantial injury to consumers.
Web Press Services Corporation v. New London Motors, Inc.,203 Conn. 342, 355, 525 A.2d 57 (1987); Conaway v. Prestia, 191 Conn. 484,492-3, 464 A.2d 847 (1983). In Web Press, supra, the Connecticut Supreme Court has summarized the criteria for finding a CUTPA violation as follows: "[t]hus a violation of CUTPA may be established by showing either an actual deceptive practice; see, e.g., Spray Foam, Inc. v. Durant's Rental Centers, Inc.,39 Conn. Sup. 78, 468 A.2d 951 (1983), or a practice amounting to a violation of public policy. See, e.g., Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 756, 474 A.2d 780 (1984)."
The employer claims that the following conduct by the plaintiff constituted unfair trade practices:
1) he went to a job interview during his work day,
2) when he resigned, in order to secure a favorable recommendation he told the Ghents that the firm he was joining was in the environmental inspection business and that he would not be doing house inspections of the sort the defendant performed.
3) he left the defendant's employ and within two weeks CT Page 8939 breached the restrictive convenant.
A federal judge interpreting CUTPA has ruled that the statute does not create a cause of action to redress misconduct in the employer — employee relationship. Banerjee v. Roberts,641 F. Sup. 1093 (D.Conn. 1986). Counsel have not cited and the court has not located any Connecticut appellate precedent interpreting the conduct of an employee toward his employer as a "trade practice" within the scope of CUTPA. In Delre Associates v. Thomas Adkins, 2 CSCR 1093, 1095 (1987) Judge Robert Burns denied a motion to strike a CUTPA count against employees, however the allegations of the complaint were that the employees had actually started their own firm during their employment by the plaintiff (and were thus acting as a business entity) and had disparaged the plaintiff, misled its customers, and lured customers away through misrepresentations. By contrast, the conduct at issue in the case at bar was the conduct of an employee seeking knew employment. There is no allegation that he had set himself up in trade and commerce in the home inspection business during his employment with the plaintiff but only that he sought to join another employer and use the same skills which he had been using in the plaintiff's employ. It does not seem appropriate to characterize the conduct of an employee in such circumstances as a "trade practice", nor to engraft on to an employment agreement the remedies of CUTPA as remedies for a breach of that agreement.
The court finds that the conduct complained of does not constitute a CUTPA violation.
Judgment shall enter in favor of the defendant as to the plaintiff's claims. As to the counterclaim, the plaintiff is hereby permanently enjoined from directly or indirectly owning, managing, operating, controlling, being employed by, participating in or being connected in any manner with the ownership, management, operation or control of any business similar to the type of business conducted by the defendant until April 14, 1992. Judgment shall enter in favor of Gardocki as to all remaining counts of the counterclaim. The defendant shall recover its court costs.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT CT Page 8940
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8941
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8942
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8943
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8944
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8945