The WATERTOWN SAVINGS BANK *vs.* BURTON H. MAT-TOON ET ALS.

Third Judicial District, Bridgeport, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 3445, provides that the treasurer of every savings-bank shall at least once in every six years give a new bond in a sum of not less than $10,000, payable to the bank and acceptable to its directors. *Held* that the bond was required not for the benefit of the directors, but for the protection of the public in its dealings with the bank, and therefore the failure of the directors to inform the sureties upon a new bond that the treasurer had already misappropriated moneys of the bank would not relieve the sureties from liability for his subsequent defalcation; nor would they be released under such circumstances, even if the directors' failure to disclose were to be treated as the fraudulent concealment of a material fact.

As a general rule the mere nondisclosure of a fact does not amount to fraud, unless the party remaining silent was called upon by the other to disclose all material facts, or his relation to the other was such as to make it his legal or equitable duty to disclose.

The facts alleged as a defense by the sureties in the present case re-

viewed, and *held* not to show such a relation between the parties as made it the duty of the bank directors to disclose to the sureties the prior defalcation of the treasurer.

Argued October 25th—decided December 15th, 1905.

ACTION to recover the amount of a bond given to secure the faithful performance of the duties of treasurer of the plaintiff bank, brought to the District Court of Waterbury and thence, by the defendants' appeal, to the Superior Court in New Haven County where a demurrer to several defenses was sustained (*Case, J.*) and the cause was afterward tried to the court, *Thayer, J.;* facts found and judgment rendered for the plaintiff, and appeal by the sureties for alleged error in sustaining the plaintiff's demurrer to three of their defenses. *No error.*

*Edward F. Cole,* for the appellants (defendants).

*Lucien F. Burpee,* for the appellee (plaintiff).

TORRANCE, C. J. In July, 1902, Burton H. Mattoon was the treasurer of the plaintiff bank, and as such officer gave to it the bond in suit, signed by himself as principal and by the other three defendants as sureties. The bond was in the usual form of fidelity bonds, for the sum of $10,000, payable to the plaintiff bank, dated July 1st, 1902, and was approved by the directors of said bank July 7th, 1902.

The complaint alleged that Mattoon, while treasurer of said bank, in September, 1903, embezzled certain funds of said bank, and had never repaid or accounted for the same.

The sureties filed an answer purporting to contain four defenses. In the first they admitted the execution and delivery of the bond, but in effect denied the other allegations of the complaint; while in the second, third, and fourth, they set up the admissions and denials contained in the

first, and the special matter hereinafter set forth. The special matter set up in the second and third defenses was in substance as follows : At the time said bond was given, Mattoon had already taken and appropriated to his own use a large amount of the plaintiff's money without authority, all of which was then well known to the directors of the plaintiff bank. "The directors of the plaintiff bank fraudulently concealed from these defendants the fact of said defalcation and misappropriation by the said Burton H. Mattoon, and allowed these defendants to execute said bond and to become sureties for said Mattoon as aforesaid in ignorance of the fact that he was already a defaulter to said bank." The fourth defense, after alleging that Mattoon was a defaulter at the time the bond was given, proceeds as follows : "The directors of the plaintiff bank utterly failed in the performance of their duties as required by law, and did not cause the books, accounts, and securities belonging to said bank to be annually examined as required by law. If the said board of directors of the plaintiff bank had performed their said duties according to law, and caused proper examination of the books, accounts, and securities belonging to said bank to be made as required by law, such examination would have disclosed the said defalcation. By reason of the said neglect of the duties of the said directors of the plaintiff bank the said defalcations of the said Burton H. Mattoon were concealed from these defendants, and these defendants were thereby fraudulently induced to execute said bond as surety for the said Mattoon, in ignorance of the fact that he had been and then was a defaulter to said bank."

To the new matter thus set up in the answer of the sureties the plaintiff demurred, on the ground that the following facts did not appear anywhere in said answer, namely : (1) that said defendants became sureties on the bond in question at the plaintiff's suggestion or request, or as a result of its inducement; (2) that said plaintiff had any dealings or opportunity to communicate with said defendants prior to or at the time of the execution of said bond; (3)

that said defendants relied on the plaintiff for advice or information, or that they requested the same from it, or acted on any belief created or induced by the plaintiff's conduct; (4) that the plaintiff was under any legal duty to said defendants to disclose to them any former wrongdoing of said Mattoon; (5) that the plaintiff was under any legal duty or obligation to said defendants to " cause the books, accounts, and securities belonging to said bank to be annually examined; " (6) that the plaintiff had actual knowledge of the fact that said Mattoon had wrongfully taken and appropriated to his own use any money of the plaintiff's, without its authority at or before the time of the execution and delivery of said bond.

The trial court sustained the demurrer, and rendered final judgment against the principal and the defendant sureties, and the sole matter assigned for error is the action of the court in sustaining said demurrer.

The new matter set up in the answer amounts, in effect, to a single defense, the substance of which may be stated in this way: (1) the directors, when they approved the bond, knew that Mattoon had already embezzled the funds of the bank; (2) they did not disclose that fact to the sureties, and thereby " fraudulently concealed " it from them, and " fraudulently induced " them to execute and deliver the bond. Whether the answer contains any legal charge of fraud against the directors is not perhaps free from doubt; for the allegation of fraudulent concealment seems to be an inference or conclusion not supported by the other facts alleged. But assuming for the present that the answer sets forth such a nondisclosure on the part of the directors as in law amounts to a fraudulent concealment of a material fact, it does not follow that such a fraud can avail the sureties in this suit. The bond in suit was not one which it was the duty of the bank or of its directors to procure. It was one which the statute, under a penalty, required the treasurer to give. General Statutes §§ 3445, 3453, 3454. The law required it to be made for a sum not less than $10,000, and payable to the bank; that it and all its renewals should

be kept safely by the president of the bank; that it and all renewals of it should be recorded at length on the books of the bank and in the office of the secretary of State; and that it and its renewals should be inspected by the bank commissioners at every inspection of the bank. The statute (§ 3445) further provides that no president or director of the bank shall be surety upon such a bond.

Such a bond is to be regarded as one in which, in an important sense, the public have an interest. It is made, not for the benefit of the directors or officers of the bank, but for the benefit and protection of the public having dealings with the bank as its depositors or creditors. Such a bond ought not to be liable to be invalidated, or the sureties upon it released, by anything short of some act of the bank itself, acting within the scope of its powers, through some agent duly authorized to do such act. The unauthorized fraud or neglect of some officer or agent ought not to have any such effect.

The answer does not allege that the bank perpetrated any fraud upon the sureties; it alleges only that the directors did so; and it does not allege, nor does it otherwise appear, that they did so, as the agents of the bank; indeed it is not even alleged that in so doing they acted as a board. The only duty imposed by statute upon the directors, with reference to the treasurer's bond, was the duty of accepting or rejecting it; as agents of the bank they had no power, and were not required, to do more; and from the admitted facts in this case it does not appear that in performing that duty, the directors, as agents of the bank, were under the further duty of disclosing to the sureties the prior defalcation of the treasurer. Assuming then, as we have heretofore for the purposes of discussion, that the answer contains a legal charge of fraud against the directors as such, we are of the opinion that a fraud of that kind cannot avail the sureties in a suit such as this, brought by the bank.

But we are also of the opinion that the answer contains no proper charge of fraud even as against the directors. The fraud charged is the concealment of a material fact.

" The term ' conceal ' implies something more than a mere failure to disclose. We do not in general speak of a person's concealing a thing, unless he is in some way called upon to produce it." *Bartholomew* v. *Warner*, 32 Conn. 98, 103. The facts alleged in the answer show, on the part of the directors, the nondisclosure of a material fact, rather than the concealment of it ; and as a general rule mere nondisclosure of a fact does not amount to fraud, unless the party not disclosing was called upon by the other party to disclose, or his relation to that party was such as to make it his legal or equitable duty to disclose, all material facts. 14 Amer. & Eng. Ency. of Law (2d Ed.), 66, and cases there cited. There is nothing in the answer to show that the sureties signed the bond at the request of the directors, or in the presence of the directors, or that the sureties applied to the directors for any information concerning the character or conduct of Mattoon ; in short, there is nothing to show that the directors knew anything about the bond, or the sureties thereon, until it was presented to them for acceptance. It does not appear that the directors had any opportunity to disclose until after the bond was executed and delivered to the bank. The only facts alleged are : (1) that the directors, at the time they accepted the bond, knew of the prior defalcation ; (2) that the sureties when they signed the bond were ignorant of such defalcation ; (3) that the directors did not inform the sureties of such defalcation. We think the facts alleged in the answer fail to show that the relation of the parties to each other was such as to make it either the legal or the equitable duty of the directors to disclose to the sureties the prior defalcation ; and that upon the admitted facts in this case the failure to disclose such defalcation was not a fraudulent concealment. The court did not err in sustaining the demurrer to the answer. *County of Pine* v. *Willard*, 39 Minn. 125, 1 L. R. A. 118 ; *McShane* v. *Howard Bank*, 73 Md. 135, 10 L. R. A. 552 ; *Western N. Y. Life Ins. Co.* v. *Clinton*, 66 N. Y. 326 ; *Roper* v. *Sangamon Lodge*, 91 Ill. 518 ; *Cawley* v. *People*, 95 id. 249, 255 ; *Magee* v. *Manhattan Life Ins. Co.*,

92 U. S. 93; *Atlas Bank* v. *Brownell*, 9 R. I. 168; *Bowne* v. *Mount Holly Nat. Bank*, 45 N. J. L. 360; *Ashuelot Savings Bank* v. *Albee*, 63 N. H. 152.

There is no error.

In this opinion the other judges concurred.