JOSEPH H. ROBERTS *v.* RALPH H. PAINE ET ALS.

MALTBIE, C. J., AVERY, BROWN and JENNINGS, Js.[1]

Argued February 1st—decided April 8th, 1938.

---

[1] By agreement of counsel the case was argued before and decided by four judges.

*Frederick R. Manning,* for the appellant (plaintiff).

*Lucius F. Robinson, Jr.,* for the appellees (defendants Burlingame et al.).

*Walter F. Torrance,* for the appellees (defendants Paine et als.).

JENNINGS, J. The only assignment of error pursued by the plaintiff on this appeal is directed to one paragraph of the charge. The defendants press certain assignments of error addressed to the finding. All of the evidence relevant to the defendants' assignments is printed and has been examined. While there is little direct evidence of the findings to which exception is taken, there is sufficient foundation in the evidence and general circumstances to justify them as claims of proof in a jury case, except in one instance. *State* v. *Klein,* 97 Conn. 321, 327, 116 Atl. 596. There is no evidence to support that paragraph which finds that the defendant failed to inform the plaintiff of his rights, although well aware that he failed to appreciate the legal effect of what he signed and failed to realize that a ten days' written notice of desire to leave was apparently required. The following statement is restricted to those facts necessary to present the issue on appeal:

The plaintiff offered evidence and claimed to have proved that he was a mechanical engineer residing in Waterbury with an extensive practice. His business suffered during the depression, his domestic situation was strained and in the summer and fall of 1933 he appeared to his friends to be overworked, run-down,

worried and in need of a rest. His wife and friends, defendants, induced him by misrepresentation to visit the Hartford Retreat with a view to becoming a "guest" there and with the possibility of obtaining employment. At the time of his visit he supposed it was a home for recreation and rest, whereas in fact it was a hospital for the detention and care of the insane and those suffering from mental and nervous ailments. On his arrival he was tricked into signing a voluntary commitment. This paper contained in fine print the following statement: "Under this application the signer cannot be detained more than ten days after the signer's written request to leave has been made to this physician-in-chief." He was thereafter confined against his will and subjected to the rules and regulations of the institution, all of which was distasteful to him. He told the doctors and nurses that he wanted to leave. He was never informed as to the meaning and effect of what he had signed nor that he might perfect his right to leave by the simple expedient of signing a ten days' written notice. He was not then or at any time before or since in need of treatment in an institution of this character.

The defendants offered evidence and claimed to have proved that the plaintiff was badly in need of treatment and entered the Retreat voluntarily with full knowledge of its character. He was coöperative on his admission and pleased with his surroundings. Throughout his stay he was mentally ill, in need of care and treatment at a hospital for mental diseases and suffering from schizophrenia of a paranoid type. He became dissatisfied with the treatment and submitted unwillingly but at no time prior to November 14th, 1933, did he request that he be released or ask what steps were necessary to obtain his release. He did become suspicious of the defendants, maintain-

ing that they had formed a conspiracy against him and tricked him into becoming a patient in the hospital. On November 14th, 1933, the plaintiff orally requested his release and was thereupon forthwith advised by the Retreat and its agents that such request must be in writing. The plaintiff then executed a written request, stating: "Upon advice of counsel I hereby apply to be released." On November 25th, 1933, the plaintiff left the Retreat.

The trial resulted in a defendants' verdict.

The finding shows that the principal litigated issue was the conspiracy to falsely imprison the plaintiff against his will. This issue was clearly found against the plaintiff since the jury were charged that if he was tricked into going into the Retreat, the voluntary commitment would be no protection to the defendants either as to his original detention or his detention after he had signified his desire to leave.

The plaintiff requested the court to charge in effect that the failure of the officers and agents of the Retreat to inform him of his right to secure his release on ten days' written notice on his making known to the Retreat his desire to leave was a breach of duty and his continued detention was illegal. The court did not so charge and its interpretation of this situation is assigned as error. The court said:

"If, on the other hand, you do not find on all of the evidence that the plaintiff was induced by fraudulent representations or concealment, as I have defined those terms to you, to sign the request for treatment then you must conclude that such request for treatment, if you find that it was signed by the plaintiff, stands, and if you so find, the law is that then the defendants were justified in holding the plaintiff in the Retreat until the expiration of ten days after he

had given written notice of his desire to leave and they are not liable in this action for so holding him.

"In this connection I should also charge you that the law did not impose upon the Retreat or its servants or agents any obligation to disclose to the plaintiff that he could obtain his discharge from the Retreat by giving notice in writing that he desired to leave. There was no confidential relationship between the parties which required such disclosure even if it had been asked for by the plaintiff. Accordingly, even though you should find that the Retreat had intentionally concealed from the plaintiff the fact that he might secure his release by giving ten days' notice, that in itself gives rise to no cause of action in favor of the plaintiff in this case."

In determining whether there has been harmful error in a charge, it must be considered as a whole. *Tappan* v. *Knox,* 115 Conn. 508, 517, 162 Atl. 7. The court correctly appraised the action as one for false imprisonment. The elements of that tort were then defined and the jury were told that while there must be physical restraint by force against the plaintiff's will, that force might be manifested by threats as well as by actual physical restraint. They were further told that even though the plaintiff entered the Retreat voluntarily, he was entitled to change his mind and that illegal restraint after he had notified the Retreat that he wanted to leave would constitute false imprisonment for which the Retreat would be liable.

The court then explained the effect of the voluntary commitment.[1] The case obviously turned on the cir-

[1] General Statutes, § 1739. PATIENT MAY BE DETAINED IN ASYLUM AT HIS OWN REQUEST. Any asylum may receive for observation and treatment any person who in writing requests to be received; but no such person shall be confined in any such asylum for

cumstances under which it was signed. On this point the jury were plainly told that if the plaintiff's signature to this paper was obtained by fraud, which was clearly defined, it was no protection to the Retreat and he was entitled to leave at any time. The charge went on to say that if the plaintiff was not tricked into signing, the paper stood and protected the Retreat in detaining him until he signed a written request to leave in accordance with the statute. It is in this connection that the charge quoted above was given. It is to be noted that the claim of the plaintiff on this point is not that any false representation was made but that there was a duty on the Retreat to disclose the fact that he could sign himself out on giving ten days' written notice. Examination of the requests to charge shows that the plaintiff claims nothing more than a failure to disclose. Whether or not there is a duty to disclose depends on the relationship of the parties, *Watertown Savings Bank* v. *Mattoon*, 78 Conn. 388, 393, 62 Atl. 622; or, to put it in another way, whether the occasion and circumstances are such as to impose a duty to speak, *Behrmann* v. *Behrmann*, 110 Conn. 443, 446, 148 Atl. 363.

The question whether there is a duty on the part of the officers of such an institution as the defendant to inform one who had voluntarily committed himself to it as to the method by which he may legally secure his release when he expresses a desire to leave, so far as we can find, is one of first impression. Where knowledge of a fact is open to both parties a condition of the duty of one to disclose it to the other is that the former is or should be aware that the latter does not know it; and under the finding as corrected this con-

more than ten days after he shall have given notice in writing of his desire to leave, without commitment from some court of competent jurisdiction.

dition was not met in the proof offered by the plaintiff. That aside, a proper regard for the purposes to be served by such an institution as the Retreat and the character of the patients it receives, who come to it to be cured of mental ills and who no doubt are often not in a condition to appreciate what is for their own best interests or what their real desires are, would require that it should be held that it is not the duty of the institution every time a patient expresses a desire for release to inform him that he can secure it upon written application. To impose such a duty something more than a mere expression of a desire for release must be shown. There must be at least evidence that the circumstances under which the demand is made are such that the information is fairly called for and that a reasonable regard for the rights of the patient require that it be given. The finding is barren of any facts other than that the plaintiff made known to the officers of the Retreat his desire to leave, and this in itself is not enough to impose upon it the duty to inform him as to the method he should follow to secure his release. Whether or not the portion of the charge complained of is correct as a broad statement of law, it was correct as applied to the situation disclosed by the finding.

The plaintiff's brief dwells at length on the maxim that one is presumed to know the law and on the effect of the fine print on the voluntary commitment. Since our conclusion is dependent on neither of these claims, they are not discussed. None of the cases cited to the issue that the detention was illegal after the plaintiff had expressed a desire to leave (*Cook* v. *Highland Hospital*, 168 N. C. 250, 84 S. E. 352; *Re Baker*, 29 How. Pr. (N. Y.) 485, 488; *In re Carlsen's Petition*, 130 Fed. 379) involved such a statute as exists in Connecticut. They are not in point.

Under the circumstances disclosed by the finding, the charge was correct.

There is no error.

In this opinion the other judges concurred.