[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S APPLICATION FOR PREJUDGMENTREMEDY
FACTS
On September 13, 1996, the plaintiff, Rosalind Schwartz, Executrix of the estate of Eli Schwartz, filed an application for prejudgment remedy against the defendants, Russell and Katherine Hartt. According to the plaintiff's application, there is probable cause to believe that a judgment equal to or in excess of the amount of the prejudgment remedy will be entered in the plaintiff's favor, and, therefore, the court should grant a prejudgment remedy to secure the sum of the anticipated judgment of $250,000. Specifically, the plaintiff requests the court to attach, assign and make payable to the plaintiff all of the rents owing and to be owed to the defendants by the tenants on the premises known as 1209, 1211 and 1213 Foxon Road, North Branford, Connecticut. The plaintiff also asks the court to attach other property of the defendants to further secure the sum of $250,000. The plaintiff also requests that the court enter other such equitable relief as the court deems just. CT Page 9993
At the hearing on plaintiff's application for a prejudgment remedy, the plaintiff, widow of Eli Schwartz introduced the following facts. On March 14, 1986, Eli Schwartz, sold the above-mentioned parcel of land to the defendants. As part of this sale, the defendants gave Eli Schwartz a promissory note whereby the defendants promised to pay Eli Schwartz the principal sum of $224,491.34 with interest at the rate of ten and one-half percent per annum. Additionally, the note obligated the defendants to pay any late charges at the rate of five percent of the debt together with costs of collection and a reasonable attorney's fee. The defendants also provided Eli Schwartz with a mortgage on the above-mentioned parcel to secure the promissory note. The note was a balloon payment note which called for on demand the balance due after ten years (See Exhibit D).
The defendants have not paid the principal now due and interest on the note since March 14, 1996. According to the plaintiff, the sum of $182,359.68 is now due and owing on the note. This amount includes late charges and interest but does not include collection costs and a reasonable attorney's fee.
Testimony was introduced at the hearing indicating that the defendants have left the state of Connecticut and have taken all of their assets, including the rents, out of the state. The plaintiff introduced the testimony of Norman Benedict, a real estate appraiser, who testified that the mortgaged property is worthless because it is contaminated with hazardous waste. Benedict stated that no buyer is likely to purchase the land and no financial institution will provide financing with the land as security because of such contamination. Accordingly the plaintiff asserts the mortgage on the land is not sufficient to secure the note. She therefore seeks a suit on the note at this time.
At the hearing the defendants offered the following evidence: From 1971 to 1978, a dry cleaner operated on the premises. During this time and up until the defendants purchased the land in 1986, Russell Hartt also operated a hardware store on the land. On or about August 6, 1991, the Connecticut Department of Environmental Protection (DEP) issued an order finding that the premises was contaminated with perchloroethylene, tetrachloroethylene (perc) and that the defendants had to take remedial actions to alleviate the contamination on the land. The defendant introduced evidence at the hearing that it will cost from $260,000 to $610,000 for such remedial actions. Russell Hartt has already been billed for CT Page 9994 some of these costs. On cross examination, however, it was discovered that an insurance company had paid the submitted invoices. To date, DEP has billed the defendants in the amount of $96,743.27. The DEP bill, however, has not been paid. The defendants failed to show that they have to date expended any of their own funds.
The defendants claim that the estate of Eli Schwartz is liable for the defendants' remedial costs under No. 85-568 of the 1985 Public Acts since at the time of the sale Eli Schwartz failed to provide the defendants with a negative declaration pursuant to the statute.[1] In support of this claim, the defendants called George Travers, the owner of the dry cleaning business, to testify. Travers testified that he owned and operated the dry cleaning business on the land from 1976 to 1978 when it ceased operations. During the hearing, Travers stated that he used perc in the operation of the business. Travers testified that the dry cleaning machine would mix perc and water to clean the clothes. This mixture would then move to a separator where the perc would be separated from the water and recycled. The water would then be discharged out of the building and into the surrounding land. The court, however, ruled that Travers was not an expert in chemistry and therefore, Travers could not testify as to whether, or how much, perc was discharged out of the building and onto the property as a result of the separation process. Travers testified, however, that the separator discharged about one and one-half gallons of water a day.
The defendants then had William Beckman, the defendants' environmental consultant, testify. Beckman testified that perc was found in the ground behind the building where the dry cleaners operated. Additionally, Beckman stated that there was a pile of a substance located behind the building and that this pile also contained perc. According to Beckman, he believes that the perc found on the land originated from the dry cleaners.
According to the defendants, Eli Schwartz had a duty to provide them with a negative declaration pursuant toPublic Acts 85-568, § 3(a) because the land once contained an establishment that generated "more than one hundred kilograms of hazardous waste per month. . . ." P.A. 85-568, § 2(3). The defendants argue that the failure to provide the negative declaration and the failure to disclose the fact that the land was contaminated constitutes fraudulent misrepresentation on Eli Schwartz's part. According to the defendants, since Eli Schwartz CT Page 9995 committed fraud when he sold the land, the promissory note should be vitiated.
Schwartz did not operate "the establishment." Schwartz did not transfer the establishment.
The defendants also argue that the note lacks consideration, and, cannot be enforced.
The defendants argue that the failure to provide a negative declaration pursuant to Public Acts 85-568 renders the plaintiff strictly liable for defendants' remedial costs. The defendants filed an affidavit stating that they will file a counterclaim to the plaintiff's present action and that any damages received by the defendants will far exceed the amount due on the promissory note. The defendants admit that this counterclaim is the subject of another prior pending action, and that the damages sought by the defendants in that action constitute a proper set off. The defendants argue that the court should deny the plaintiff's application because the defendant's claims exceed the amount claimed by the plaintiff.
DISCUSSION
General Statutes § 52-278d (a) provides in relevant part: "HEARING ON PREJUDGMENT REMEDY APPLICATION. . . . The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff, (2) whether payment of any judgment that may be rendered against the defendant is adequately secured by insurance, (3) whether the property sought to be subjected to the prejudgment remedy is exempt from execution, and (4) if the court finds that the application for the prejudgment remedy should be granted, whether the plaintiff should be required to post a bond to secure the defendant against damages that may result from the prejudgment remedy or whether the defendant should be allowed to substitute a bond for the prejudgment remedy. If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a CT Page 9996 judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court."
"Section 52-278d of the General Statutes requires that the hearing be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim. The adjudication made by the court on the application for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action . . . the plaintiff need not establish by a preponderance of the evidence the final merit of his claim, but only its probable validity." (Brackets in original; citations omitted; internal quotation marks omitted.) Augeri v. C. F. Wooding Co.,173 Conn. 426, 428, 378 A.2d 538 (1977). "[T]he trial court . . . must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim." (Internal quotation marks omitted.) Nashv. The Weed and Duryea Company, 236 Conn. 746, 749, 674 A.2d 849
(1996). "The legal idea of probable cause is a bonafide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." (Internal quotation marks omitted.) New England Land Co.Ltd. v. DeMarkey, 213 Conn. 612, 620, 569 A.2d 1098 (1990). "Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." Id.
At a prejudgment remedy hearing the court must consider all defenses because a "good defense . . . will be enough to show that there is no probable cause that judgment will be rendered in the matter in favor of the plaintiff." Augeri v. C.F. WoodingCo., supra, 429. Pursuant to § 52-278d (a), the court must also take into account any counterclaims or set offs and "whether payment of any judgment that may be rendered against the defendant is adequately secured by insurance."
At the hearing, the defendants did not dispute that they were in default on the plaintiff's promissory note. The defendants argued, however, that they possess a valid defense of fraud that vitiates the contract. Additionally, the defendants contend in CT Page 9997 their post-hearing brief that the promissory note is not enforceable because the land they received was worthless and, therefore, the note lacks consideration.
The defendants also argue that they possess a counterclaim and set off in amounts greater than the amount sought on the note.
Probable Cause
 Defendants' Defense of Fraud
According to the defendants, Eli Schwartz committed fraud when he sold the premises to the defendants because he failed to disclose to them the fact that the land was contaminated. "[T]he general rule is that . . . silence . . . cannot give rise to an action . . . to set aside the transaction as fraudulent. Certainly this is true as to all facts which are open to discovery upon reasonable inquiry." (Internal quotation marks omitted.) Duksa v. Middletown, 173 Conn. 124, 127, 376 A.2d 1099
(1977). "[M]ere nondisclosure . . . does not amount to fraud." (Brackets in original; internal quotation marks omitted.) Id. "To constitute fraud on that ground, there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak. . . ." (Citations omitted; internal quotation marks omitted.) Id. "A vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him, or deliberately hide defects, for, in so doing, he is not merely remaining silent, but is taking active steps to mislead." Jackson v. Jackson, 2 Conn. App. 179,194, 478 A.2d 1026, cert. denied, 194 Conn. 805,482 A.2d 710 (1984). "Where knowledge of a fact is open to both parties a condition of the duty of one to disclose it to the other is that the former is or should be aware that the latter does not know it. . . ." Roberts v. Paine, 124 Conn. 170, 175,199 A. 112 (1938). At the time of the contract of sale and the closing Eli Schwartz and the Hartts were represented by counsel.
The defendants argue that Eli Schwartz had a duty to disclose to the defendants that the property was contaminated by providing the defendants with a negative declaration pursuant toPublic Acts 85-568, § 3(b) which provides that "[p]rior to transferring an establishment, the owner . . . shall submit a negative declaration to the transferee. . . ." "Transfer of CT Page 9998establishment means the . . . proceeding through which anestablishment undergoes a change in ownership, including . . . the conveyance of real property. . . ." P.A. 85-568, § 2(1)."Establishment means any establishment which generates more than one hundred kilograms of hazardous waste per month . . ." P.A 85-568, § 2(3). "Hazardous waste means any waste material defined as hazardous waste in section 22a-115 of the general statutes." P.A. 85-568, § 2(4). General Statutes (Rev. to 1985) § 22a-115 (1) defined hazardous waste as "any waste material . . . which may pose a present or potential hazard to human health or the environment when improperly disposed of, treated, stored, transported, or otherwise managed. . . ." Schwartz was not the transferor of the establishment.
The evidence introduced at the hearing demonstrates that perc is a waste material "which may pose a present or potential hazard to human health or the environment when improperly disposed. . . ." General Statutes (Rev. to 1985) §22a-115 (1). At the hearing, however, no evidence was introduced indicating how much perc the dry cleaners generated each month. Furthermore, none of the witnesses testified that such a showing could be made at the trial. Travers only testified that the dry cleaners discharged one and one-half gallons of water a day. Travers could not testify, however, as to whether, or how much, of that water contained perc. Travers did not produce any credible evidence to show how much perc was used. The defendants have not demonstrated that probable cause exists as to whether Eli Schwartz transferred land to the defendants that once contained an establishment that generated "more than one hundred kilograms of hazardous waste per month. . . ."P.A. 85-568, § 2(3). The court cannot conclude that the defendant possesses a good defense. Pursuant to Public Acts 85-568.
Moreover, the testimony at the hearing demonstrated that Russell Hartt operated a hardware store on the premises during the time that Travers operated the dry cleaning business. The defendant failed to make a showing that he would be able to demonstrate at trial, that Eli Schwartz knew of the contamination on the land. Russell Hartt was on the property almost every day operating the hardware store and he knew as much as Eli Schwartz about the dry cleaning business and what the dry cleaners were discharging onto the property. Probable cause does not exist as to whether Eli Schwartz failed to disclose a fact which was open to both parties, and of which Eli Schwartz knew the defendants were not aware. Roberts v. Paine, supra, 124 Conn. 175. The CT Page 9999 defendants have failed to demonstrate the existence of probable cause that Eli Schwartz committed fraud when he sold the land to the defendants.
Defendants' Defense of Lack of Consideration
The defendants argue that the plaintiff's promissory note is unenforceable for lack of consideration since the land purchased by the defendants is worthless due to the contamination. "An exchange of promises is sufficient consideration to support a contract." Osborne v. Locke Steel Chain Co., 153 Conn. 527, 531,218 A.2d 526 (1966). "That which is bargained-for by the promisor and given in exchange for the promise by the promisee is not made insufficient as a consideration by the fact that its value in the market is not equal to that which is promised. Consideration in fact bargained for is not required to be adequate in the sense of equality in value." (Internal quotation marks omitted.) Id., 532.
In this case, Eli Schwartz promised to transfer all rights in the land and the defendants promised to pay for such rights. Although the land's value may be severely affected by the contamination, the parties still exchanged bargained for promises.
Defendants' Set Off and Counterclaim
The defendants also claim that they possess a counterclaim in this action and they have already brought a claim against Eli Schwartz's estate for Eli Schwartz's failure to file a negative declaration. According to the defendants, any amounts recovered by the defendants in the prior pending action and the counterclaim will far exceed the amount due on the plaintiff's note. The defendants also argue that any damages claimed in the prior pending action and under the counterclaim constitute a proper set off against the amount claimed by the plaintiff.
General Statutes § 52-139 (a) provides that "[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the . . . defendants, one debt may be set off against the other." "A condition precedent to the application of § 52-139 is that the defendant's claim arise from a debt due by the plaintiff. . . . A debt is defined as an unconditional and legally enforceable obligation for the payment of money." (Citations omitted; internal quotation marks omitted.) Petti v. Balance Rock Associates, 12 Conn. App. 353, CT Page 10000 362, 530 A.2d 1083 (1987). Since the defendants claim that they are entitled to a set off because they may recover amounts in excess of the plaintiff's note in the prior pending action or under their counterclaim, the defendants have not demonstrated that a debt due and owing exists against the plaintiff at this time. See Pennie Edmonds v. Hill, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321668 (December 5, 1995, West, J.) (holding that a defendant may not claim a set off for damages sought in an action still pending in court against the plaintiff.)
According to the defendants, even if they do not possess a valid set off, they still possess a counterclaim in this action and any damages collected under this counterclaim will far exceed the amount due on the plaintiff's note. This counterclaim, however, arises out of Eli Schwartz's alleged failure to provide the defendants with a negative declaration pursuant to Public Acts § 85-568. For reasons already stated, the defendants have failed to demonstrate that probable cause exists that Public Acts § 85-568 applies to this case.
Moreover, at the hearing, there was evidence that an insurance company is paying for some of the defendants' costs of remediation.
There was evidence at the hearing that the defendants have left the state taking all of their valuable assets with them. In addition, the defendants have failed to pay the taxes on this land.
The court having considered all defenses, counterclaims and set offs finds probable cause exists that the plaintiff will prevail in recovering under the note and that a prejudgment remedy is granted in the amount of $225,000.
The Remedy
The plaintiff requests that the court attach, assign and make payable to the plaintiffs all the rents due and payable on the property. In the verified complaint, the plaintiff requests the court to award, in addition to the prejudgment remedy, "[s]uch other and further equitable relief as may be required." (Plaintiff's Verified Complaint, August 29, 1996, p. 5). After the hearing, the plaintiff specifically requested that a receiver of rents be appointed in addition to the prejudgment remedy, also CT Page 10001 in her post trial brief she seeks a receiver. The defendant argues that this relief is inappropriate because a court cannot gant temporary injunctive relief with a prejudgment remedy. InFermont Division v. Smith, 178 Conn. 393, 398, 423 A.2d 80
(1979), the defendant argued that the court erred when it, as part of a prejudgment remedy, granted a temporary restraining order. The court, in response stated, "[a]lthough a temporary restraining order may not be issued as a prejudgment remedy, the statute does not preclude the granting of a temporary restraining order in addition to a prejudgment remedy." Id.
The purpose of a prejudgment remedy is to secure sufficient property to satisfy a probable judgment. In this case if the defendants are permitted to continue to collect rents as they fall due without paying other expenses such as taxes etc., there may be no security for the judgment.
Accordingly, the court orders a prejudgment remedy garnishing the rents as they become due and payable and order that a receiver of rents be appointed to collect such rents.
The court retains jurisdiction for the parties to be heard within two weeks of this decision as to the party to be named receiver and the posting of an appropriate bond.
Frank S. Meadow Judge Trial Referee