******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID DIMICHELE *v.* GARY F. PERRELLA
(AC 36748)

DiPentima, C. J., and Keller and Norcott, Js.

*Argued February 19—officially released July 28, 2015*

(Appeal from Superior Court, judicial district of
Waterbury, Roche, J.)

*Thomas A. Amato*, for the appellant (defendant).

*Stephanie E. Cummings*, for the appellee (plaintiff).

*Opinion*

NORCOTT, J. The defendant, Gary F. Perrella, appeals from the judgment of the trial court rendered in favor of the plaintiff, David DiMichele. On appeal, the defendant claims that the court improperly rendered judgment in favor of the plaintiff on the first count of the plaintiff's complaint, alleging fraud and deceit, because (1) the defendant is not liable to the plaintiff under any theory of fraud, (2) General Statutes §§ 52-572b and 52-572f bar the first count, and (3) the plaintiff did not commence his fraud action within the three year statute of limitations set forth in General Statutes § 52-577. We agree with the defendant's first claim and reverse in part the judgment of the trial court.[1]

The record reveals the following facts and procedural history. The plaintiff married Josinete DiMichele on August 13, 1994.[2] He raised two children with her, a daughter and a son, who were born in 1996 and 1998, respectively. The plaintiff had a parent-child relationship with both of the children and provided for them from the time they were born.

At the time each child was born, DiMichele and the defendant were both aware that the defendant, and not the plaintiff, was the biological father of both children. DiMichele had a paternity test conducted for the oldest child in January, 1997, when the child was about three months old. She also had a paternity test conducted for the second child in 2006, about eight years after his birth. The paternity tests indicated that the defendant was the biological father of both children.

From the time the children were born, DiMichele took them to visit the defendant at least once a week. She then stopped the visits in July, 2006. On March 1, 2007, the defendant commenced an action in family court against DiMichele in which he sought visitation with the children. In the course of that action, the defendant acknowledged that he was the biological father of the children. DiMichele also confirmed that the defendant was the biological father. The plaintiff discovered that the defendant was the biological father of the children on or about April 16, 2007, when he found a piece of mail with DiMichele's name on it pertaining to the family court action. He asked DiMichele about the mailing, and she then informed him of the paternity of the children.

The plaintiff commenced the present action against the defendant through a complaint dated April 14, 2010, almost three years after DiMichele informed him that he was not the biological father of the children. The complaint alleged fraud in the first count, intentional infliction of emotional distress in the second count, negligent infliction of emotional distress in the third count, and unjust enrichment in the fourth count. The defendant subsequently filed a motion to strike the com-

plaint in its entirety for failure to state any claims for which relief could be granted. The court, *Trombley, J.*, denied the defendant's motion to strike as to the first three counts of the complaint and granted it as to the fourth count.

The defendant thereafter filed an answer and special defenses dated March 10, 2011. He filed an amended special defenses on June 16, 2011. He next filed a motion to implead DiMichele, alleging that she was liable for all or part of the plaintiff's claim against him under the theories of contribution and/or apportionment. The court, *Ozalis, J.*, granted the defendant's motion to implead, and DiMichele was joined to the action as a third party defendant. On December 2, 2011, the defendant filed a motion for summary judgment and requested that the court render judgment against the plaintiff on all three remaining counts of the complaint. The court, *Trombley, J.*, denied the defendant's motion.

The court held a bench trial on the merits of the three remaining counts of the plaintiff's complaint on August 6, 7, and 8, 2013. On January 29, 2014, the court held an additional hearing in which it discussed the parties' posttrial memoranda with them and heard argument on the applicable law. In a memorandum of decision dated April 16, 2014, the court, *Roche, J.*, rendered judgment in favor of the plaintiff on count one of the complaint, alleging fraud and deceit, and in favor of the defendant and DiMichele on counts two and three, alleging intentional infliction of emotional distress and negligent infliction of emotional distress. The court awarded the plaintiff $30,000 in damages, to be entered against the defendant and DiMichele pari delicto, in the amount of $15,000, plus court costs. This appeal by the defendant followed.[3]

The defendant claims that the court improperly rendered judgment in favor of the plaintiff on the first count of the complaint, alleging fraud and deceit, because the defendant is not liable to the plaintiff under any theory of fraud. The defendant argues that the only potentially applicable theory of fraud is fraud by silence or concealment. He further argues that the plaintiff cannot recover under a theory of fraud by silence or concealment because the defendant had no duty to disclose to the plaintiff that the plaintiff was not the biological father of the children. The plaintiff, on the other hand, argues that the defendant had a duty to disclose because the plaintiff, as the psychological parent of the children, and the defendant, as the biological parent, shared a special relationship. We agree with the defendant that he did not have a duty to disclose to the plaintiff the paternity of the children.

We now turn to the applicable standard of review. "The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the

statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." (Internal quotation marks omitted.) *Reville* v. *Reville*, 312 Conn. 428, 441, 93 A.3d 1076 (2014). It is undisputed that the defendant did not make any statements, fraudulent or otherwise, to the plaintiff between the time the plaintiff married DiMichele in August, 1994, and the time he discovered the paternity of the children in April, 2007. Accordingly, the plaintiff may only recover under a theory of fraud by silence or concealment.

"It is, of course, true that, under certain circumstances, there may be as much fraud in a person's silence as in a false statement. . . . Mere nondisclosure, however, does not ordinarily amount to fraud. . . . It will arise from such a source only under exceptional circumstances. . . . To constitute fraud on that ground, there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak." (Citations omitted.) *Egan* v. *Hudson Nut Products, Inc.*, 142 Conn. 344, 347, 114 A.2d 213 (1955). Thus, we must determine whether the defendant had a duty to disclose to the plaintiff that the plaintiff was not the biological father of the children. "The issue of whether a duty exists is a question of law . . . which is subject to plenary review." (Citations omitted.) *LePage* v. *Horne*, 262 Conn. 116, 123, 809 A.2d 505 (2002).

"A duty to disclose may be imposed by statute or regulation . . . or such a duty may arise under common law." (Citation omitted.) *Glazer* v. *Dress Barn, Inc.*, 274 Conn. 33, 85, 873 A.2d 929 (2005). Under the common law, a duty to disclose "is imposed on a party insofar as he voluntarily makes disclosure. A party who assumes to speak must make a full and fair disclosure as to the matters about which he assumes to speak." (Internal quotation marks omitted.) *Duksa* v. *Middletown*, 173 Conn. 124, 127, 376 A.2d 1099 (1977). Additionally, "[w]hether or not there is a duty to disclose depends on the relationship of the parties . . . or, to put it in another way, whether the occasion and circumstances are such as to impose a duty to speak." (Citation omitted.) *Roberts* v. *Paine*, 124 Conn. 170, 175, 199 A. 112 (1938). A duty to disclose will arise if the parties share a "special relationship." *Flannery* v. *Singer Asset Finance Co., LLC*, 312 Conn. 286, 313, 94 A.3d 553 (2014) (defendant and plaintiff stood in relation of buyer and seller and, as such, there was no special relationship between them that imposed upon defendant duty to disclose to plaintiff any deception attendant to transaction).

In the present case, the plaintiff has not cited to any statutes or regulations that imposed on the defendant a duty to disclose to the plaintiff the paternity of the children. Furthermore, the defendant did not assume

a duty to disclose by speaking to the plaintiff about the children, as it is undisputed that the parties did not communicate with each other before the plaintiff discovered the children's paternity in April, 2007. Thus, a duty to disclose can only be imposed on the defendant if the parties shared a special relationship prior to April, 2007. We conclude that they did not.

In general, a special relationship that imposes a duty to disclose exists "where the parties stand in some confidential or fiduciary relation to one another, such as that of principal and agent, executor and beneficiary of an estate, bank and investing depositor, majority and minority stockholders, old friends, or numerous others where special trust and confidence is reposed. In addition, certain types of contracts, such as those of suretyship or guaranty, insurance, partnership and joint adventure, are recognized as creating something in the nature of a confidential relation, and hence as requiring the utmost good faith, and full and fair disclosure of all material facts." W. Keeton et al., Prosser and Keeton on the Law of Torts (5th Ed. 1984) § 106, pp. 738–39.

The plaintiff argues that he shared a special relationship with the defendant, which imposed on the defendant a duty to disclose the children's paternity, because the plaintiff is the psychological parent of the children and the defendant is the biological parent. The plaintiff does not cite to, and we have not found, any legal authority to support his argument. Rather, our Supreme Court's case law lends support to the defendant's argument that he did not have a duty to disclose. In *Flannery* v. *Singer Asset Finance Co.*, *LLC*, supra, 312 Conn. 313, our Supreme Court noted that a vendor-vendee relationship does not, by itself, constitute a special relationship. In a vendor-vendee relationship, the parties interact with each other for the purpose of executing a sale and purchase. According to our Supreme Court, this interaction does not give rise to a special relationship unless the vendor "stand[s] in such a relationship of trust and confidence to the vendee that it is his duty to make a full disclosure." (Internal quotation marks omitted.) *Egan* v. *Hudson Nut Products, Inc.*, supra, 142 Conn. 348. Put differently, a relationship between two parties does not constitute a special relationship unless that relationship is one of "trust and confidence." Id.; W. Keeton, supra, § 106, pp. 738–39. We therefore decline to recognize a special relationship of "trust and confidence" between the parties in the present case, where the record reveals that, prior to the plaintiff's discovery of the children's paternity, no relationship existed between them.

We conclude that the parties in this case did not share a special relationship, and thus the defendant did not have a duty to disclose the children's paternity to the plaintiff. Accordingly, the court improperly rendered judgment in favor of the plaintiff on the first count of

the complaint, alleging fraud and deceit.

The judgment is reversed in part and the case is remanded with direction to render judgment for the defendant on the first count of the plaintiff's complaint; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] Because we agree with the defendant's first claim and reverse in part the judgment on that ground, we do not reach the defendant's second or third claims.

[2] For purposes of this opinion, we refer to David DiMichele as the plaintiff and to his wife, Josinete DiMichele, as DiMichele.

[3] DiMichele did not appeal from the judgment.